IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMILE DEWEAVER,

    Plaintiff,                         No. CIV S-06-2681 JAM EFB P

    vs.

DIRECTOR OF CORRECTIONS, et al.,                ORDER AND AMENDED DISCOVERY AND SCHEDULING ORDER

    Defendants.
_____/

    Plaintiff is a prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On April 14, 2008, plaintiff brought to the court's attention that the scheduling order, filed April 8, 2008, required that all requests for discovery be served no later than April 6, 2008 – two days before the scheduling order was filed.[1] *See* Docket No. 21. Since then, both plaintiff and defendants have moved on several occasions to modify the scheduling order. *See* Docket Nos. 23, 34, 36 and 41. Additionally, plaintiff has filed several motions to compel discovery responses.[2] *See* Docket Nos. 30, 37, 38, 39 and 40.

---

[1] The scheduling order also required that any motions to compel discovery be filed no later than June 6, 2008. Apr. 8, 2008 Order 4:13-14.

[2] Plaintiff also filed a request to amend or supplement his interrogatories to include his signature because he neglected to sign them before serving them on defendants. *See* Docket No. 26. Defendants did not file an opposition to this request.

Defendants oppose plaintiff's June 5, 2008, motion on the ground that plaintiff seeks to compel responses to discovery that was requested after April 6, 2008, and therefore, the requests are untimely. Defendants oppose plaintiff's August 19, 2008, motions to compel further responses to interrogatories on the ground that plaintiff filed these motions after June 6, 2008, and therefore, the motions are untimely.[3]

In light of the discovery obstacles created by the error in the April 8, 2008, scheduling order, the court will modify the scheduling order. Accordingly, it is hereby ORDERED that:

1.    The April 8, 2008, schedule is modified as follows:

    a.    The parties may conduct discovery until February 6, 2009. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than 60 days before that date.

    b.    All pretrial motions, except motions to compel discovery, shall be filed on or before April 10, 2009. Motions shall be briefed in accordance with paragraph 7 of the order filed December 3, 2007.

    c.    The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed. Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

2.    Plaintiff's April 15, 2008 and August 19, 2008, requests to extend the discovery deadline are DENIED as moot. (Docket Nos. 23 and 36).

3.    Defendants' July 28, 2008 and August 20, 2008, motions to extend the deadline in which to file a dispositive motion are DENIED as moot. (Docket Nos. 34 and 41).

---

[3] Plaintiff originally filed a motion to compel discovery responses to interrogatories on May 5, 2008, on the ground that defendants had not provided any responses at all. *See* Docket No. 27. On June 4, 2008, plaintiff requested that his May 5, 2008 motion be disregarded because defendants provided responses on May 23, 2008 and he intended to file a revised motion to compel based on the responses he received. *See* Docket No. 29.

1       4.      Plaintiff's April 29, 2008, request to amend interrogatories is GRANTED.
2  (Docket No. 26).
3       5.      Plaintiff's June 4, 2008, request that the court disregard his May 5, 2008, motion
4  to compel (Docket No. 27) is GRANTED.  (Docket No. 29).
5       6.      Plaintiff's June 5, 2008, motion to compel discovery responses is DENIED as
6  moot.  (Docket No. 30).
7       7.      Since the scheduling order is herein modified, plaintiff's August 19, 2008,
8  motions (Docket Nos. 37, 38, 39 and 40) are deemed timely and defendants are directed to,
9  within thirty days from the date of this order, file an amended opposition brief that sets forth
10 their arguments with respect to each of the challenged responses.  The court notes that ordinarily,
11 in the event of a discovery dispute, the parties are to file a joint statement that sets forth the
12 contentions of each party as to each contested issue.  Specifically, "[e]ach specific interrogatory
13 . . . objected to . . . and the objection thereto, shall be reproduced in full.  The respective
14 arguments and supporting authorities of the parties shall be set forth immediately following each
15 such objection."  L.R. 37-251(c)(3).  Although preparation of a joint statement in this case would
16 be difficult due to plaintiff's incarceration, defendants are requested to set forth as much of the
17 required information as possible, as the court has not been provided with defendants' full and
18 complete responses to the challenged interrogatories.
19 DATED: October 29, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE